FILED
CLERK, U.S. DISTRICT COURT
FEB 2 5 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DEJUAN JOHNSON,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN,<br><br>    Respondent. | Case No. EDCV 08-112 CBM (AN)<br><br>ORDER DISMISSING UNEXHAUSTED PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY |

## I. SUMMARY

On January 29, 2008, petitioner William Dejuan Johnson ("Petitioner"), a state prisoner proceeding in *pro se*, filed his pending petition for a writ of habeas corpus by a person in state custody ("Petition") pursuant to 28 U.S.C. § 2254 ("§ 2254"). For the reasons discussed below, the Petition is dismissed without prejudice because it is an unexhausted petition.

## II. DISCUSSION

**A.  Standard of Review**

    **1.  Habeas Rules**

"A discrete set of Rules governs federal habeas proceedings launched by state prisoners. *See* Rules Governing Section 2254 Cases in the United States District Courts[, 28 foll. U.S.C. § 2254 ("Habeas Rules")]." *Mayle v. Felix*, 545 U.S. 644, 654, 125 S.Ct.

2566, 2569 (2005). The discrete Rules include Habeas Rule 2(c), which imposes a "more demanding" pleading standard than the notice pleading used for complaints in ordinary civil cases. *Felix*, 545 U.S. at 655. Under Habeas Rule 2(c), a petition must "specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground[;... and] the petition is expected to state facts that point to a real possibility of constitutional error." *Id.* Further, in *Felix*, the Supreme Court held:

> A prime purpose of [Habeas] Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas [] Rule 4, if "it plainly appears from the petition...that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

*Id.* at 656. Also, the Advisory Committee Notes to Habeas Rule 4 expressly provide that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer," particularly where the petition does not state facts "that point to a real possibility of constitutional error." Habeas Rule 4, Advisory Committee Notes (1976 Adoption). Local Rule 72-3.2 of this Court also authorizes a magistrate judge to prepare proposed order for summary dismissal and proposed judgment for district judge if it plainly appears from the face of petition that petitioner is not entitled to relief.

**2.    § 2254**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA")[1] this Court may only entertain a state prisoner's application for federal habeas relief on the ground that the prisoner's custody violates the Constitution or law or treaties of the United States. § 2254(a). Moreover, federal habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication

---

[1]    110 Stat. 1214 (1996).

of the claim -- (1) resulted in a decision that was contrary to[2/], or involved an unreasonable application of[3/], clearly established Federal law, as determined by the Supreme Court of the United States[4/]; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1)-(2). The key to triggering § 2254's deferential standard is a previous "adjudicat[ion] on the merits in State court proceedings."

### 3. Federal Exhaustion Doctrine

As explained by the United States Supreme Court:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) *(per curiam)* (quoting *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (citation omitted)). To

---

[2/] A state court decision is "contrary to" clearly established federal law where the state court applies a rule that contradicts the governing law set forth by the Supreme Court or confronts a set of facts that is materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a different result. *Williams v. Taylor,* 529 U.S. 362, 405-06, 120 S.Ct. 1495 (2000). The Supreme Court has emphasized that citation of its cases is not required so long as "neither the reasoning nor the result of the state-court decision contradicts [its governing decisions]." *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362 (2002). Further, what matters is whether the last reasoned *decision* reached by the state court was contrary to controlling federal law, not the intricacies of the analysis. *Hernandez v. Small,* 282 F.3d 1132, 1140 (9th Cir.), *cert. denied,* 537 U.S. 851, 123 S.Ct. 205 (2002).

[3/] A state court decision involves an "unreasonable application of" clearly established federal law where the state court identifies the correct governing legal principle from decisions of the Supreme Court, but unreasonably applies that principle to the facts of the case. *Williams,* 529 U.S. at 407-08. To find that a state court has unreasonably applied Supreme Court precedent, a federal habeas court may not merely conclude that, in its independent judgment, the relevant state court decision was incorrect or erroneous. *Lockyer v. Andrade,* 538 U.S. 63, 75-76, 123 S.Ct. 1166 (2003). Rather, the state court's application of clearly established federal law must be *objectively unreasonable* in view of the operative jurisprudence arising from the Supreme Court's holdings, not *dicta,* at the time the state court rendered its decision. *Id.* at 71-75.

[4/] "[C]learly established Federal law in § 2254(d)(1) refers to the holdings as opposed to the dicta, of [the Supreme] Court's decisions at the time of the relevant-state court decision." *Carey v. Musladin,* 549 U.S. ---, 127 S.Ct. 649, 653 (2006).

> provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004); *see also* § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."); *Carter v. Giubino*, 385 F.3d 1194, 1196 (9th Cir. 2004) ("[b]efore seeking federal habeas relief, a state prisoner must fairly present all of his claims to the highest state court....").

In order for a claim to be "fairly presented," it must identify both the federal legal theory and operative facts "with considerable specificity," meaning that 'a petitioner must make the federal basis of the claim explicit by citing federal law or the decisions of the federal courts, even if the federal basis is 'self-evident[,]'" and the petitioner must "articulate the substance of an alleged violation with some particularity." *Rose v. Palmateer*, 395 F.3d 1108, 1111 (9th Cir. 2005); *Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S.Ct. 2074 (1996) (a claim "must include reference to *a specific federal constitutional guarantee*, as well as a statement of the facts that entitle the petitioner to relief."). In other words, it is not enough to make a general appeal to a constitutional guarantee as broad as "due process," "equal protection" and "the right to a fair trial" to present the substance of such a claim to a state court. *Gray, id.* at 163; *see also Castillo v. McFadden*, 370 F.3d 882, 887-88, 890 (9th Cir. 2004) (holding petitioner's conclusory assertion that trial court's admission of videotape was a "denial of fair trial in violation of United States Constitution" was nothing more than a "general appeal to a 'fair trial' right that failed to exhaust petitioner's claim."). Consequently, the similarity of claims is not sufficient to exhaust state remedies. *Duncan*, 513 U.S. at 365-66. Also, the mere "citation of a relevant federal constitutional provision in relation to some other claim does not satisfy the exhaustion requirement." *Castillo*, 370 F.3d at 887; *see also Baldwin*, 541

U.S. at 31(concluding a habeas petitioner had failed to exhaust his available state remedies when he referenced the Sixth Amendment in relation to his claim that *trial* counsel was ineffective, but failed to reference it again with respect to his separate claim for ineffective assistance of *appellate* counsel).

**B. Analysis of the Petition**

The face of the Petition shows it raises one claim wherein Petitioner claims that, in connection with re-sentencing him on February 15, 2007, the San Bernardino Superior Court ostensibly committed a "re-sentencing infraction." (Petition at 5.) However, it plainly appears from the face of the Petition, attached exhibits, and relevant state court records that Petitioner has not yet presented this re-sentencing error claim to the California Supreme Court on direct or collateral review. (Petition at 3-4.) Consequently, the Court finds it plainly appears from the face of the Petition that it must be summarily dismissed as an unexhausted petition.

### III. CONCLUSION

For the reasons discussed above, the reference to the Magistrate Judge is vacated, and the Petition is summarily dismissed without prejudice. All other pending motions are denied as moot.

DATED: 2/19, 2008

CONSUELO B. MARSHALL
SENIOR DISTRICT JUDGE

Presented pursuant to
Local Rule 72-3.2 by:

Arthur Nakazato
United States Magistrate Judge